UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, GREGG SMITH, in His Capacity as Business Manager of PAINTERS DISTRICT COUNCIL NO. 58, PAINTERS DISTRICT COUNCIL NO. 2 PENSION TRUST, PAINTERS DISTRICT COUNCIL NO. 2 WELFARE TRUST, PAINTERS DISTRICT COUNCIL NO. 2 VACATION TRUST, and PAINTERS DISTRICT COUNCIL NO. 2 APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST, By and through GREGG SMITH, DAVID DOERR, RICH LUCKS, WILLIAM BOEVINGLOH, CARL FARRELL, DONALD THOMAS, DANIEL WEINSTROER, MICHAEL SMITH, DANIEL HANSON, STEVE PHILLIP, JR., MARK BORGMANN, MICHAEL SLATTERY, JOSEPH KEIPP, TIM WEIS and FRED PHILLIP JR., in Their Representative Capacities as Trustees of the PAINTERS DISTRICT COUNCIL NO. 2 PENSION, WELFARE, VACATION and APPRENTICESHIP AND JOURNEYMAN TRAINING TRUSTS, | |
| Plaintiffs, | No. 4:14-CV-1872 CAS |
| v. | |
| COLOR CUSTOMS PAINTING, LLC, JOHN CAMMARATTA, III, and RYAN MCDONALD, | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' second motion for default judgment against defendants Color Customs Painting, LLC ("Color Customs"), John Cammaratta, III, and Ryan McDonald. Plaintiffs first motion for default judgment was denied without prejudice for failure to

produce necessary documentation. For the following reasons, the Court will grant in part and deny without prejudice in part plaintiffs' second motion for default judgment because of their failure to ascertain the total amount of damages to be awarded.

Plaintiffs filed this action on November 5, 2014 under the Employee Retirement Security Act, 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act, 29 U.S.C. § 185. On November 22, 2014, defendants were served with the summons and complaint. Defendants have not appeared, and on December 18, 2014, the Clerk of Court entered default against defendants. Plaintiffs move for entry of default judgment in the amount of $4,623.35 against defendants jointly and severally and an order compelling defendant Color Customs to submit to an accounting for the period February 27, 2015 though the present.

Plaintiffs state Color Customs owes plaintiffs a total of $633.28 in uncollected principal deductions and $1,229.53 in liquidated damages for contributions paid late for the weeks ending between August 29, 2014 and February 27, 2015. The also seek attorneys' fees in the amount of $2,250.38 and costs in the amount of $510.16. Additionally, plaintiffs state that defendant Color Customs owes plaintiffs reports for the weeks after February 27, 2015 to the present. Plaintiffs seek an entry of "full default judgment" in the amount of $4,623.35 on which they "may immediately execute." Additionally, they seek an order compelling Color Customs to submit to an accounting for the period from February 27, 2015 to the present. (Pls.' Mem. at 7-8).

A default judgment cannot be entered until the amount of damages has been ascertained. Hagen v. Sisseton-Wahpeton Community College, 205 F.3d 1040, 1042 (8th Cir. 2000). A party entitled to default judgment is required to prove the amount of damages that should be awarded. Oberstar v. F.D.I.C., 987 F.2d 494, 505 n.9 (8th Cir. 1993). The Court has no evidence of the total

amount of damages sought by plaintiffs because these damages have not been ascertained. Plaintiffs have not performed the accounting necessary to determine the full amount of damages.

The Court will grant plaintiffs' motion in part and deny the motion without prejudice in part. The Court will grant plaintiffs' motion for an order compelling defendant Color Customs to submit to a financial compliance examination so that plaintiffs can determine the amounts allegedly owed from February 27, 2015 to date. The Court will deny without prejudice plaintiffs' motion for default judgment in the amount of $4,623.35 for the uncollected and late contributions from August 29, 2014 to February 27, 2015. Plaintiffs may renew this motion for default judgment once they have examined the financial records of defendant Color Customs and ascertained the total amount due and owing by defendants for the time period of February 27, 2015 to date.

The Court will order plaintiffs to file within sixty days (60) of the date of this Order a status report regarding the progress of the financial examination of defendant Color Customs' records.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' second motion for default judgment is **GRANTED in part** and **DENIED without prejudice in part**. [Doc. 11] The motion is granted as to plaintiffs' request for an Order compelling an accounting, and denied without prejudice as to the default judgment.

**IT IS FURTHER ORDERED** that defendant Color Customs Painting, LLC shall provide to plaintiffs within thirty (30) days of the date of this Order all of its books, ledgers, payroll records, cash disbursements ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to defendant Color Customs Painting, LLC's employees from February 27, 2015 to the present.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order to Color Customs Painting, LLC, at the following address:

Color Customs Painting, LLC
Attn: John Cammaratta, Registered Agent
5288 Summer Circle
Imperial, MO 63052

**IT IS FURTHER ORDERED** that plaintiffs shall file within sixty (60) days of the date of this Order a status report regarding the progress of the accounting of defendant Color Customs Painting, LLC's books and records.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___18th___ day of August, 2015.